UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL BREWER, individually and on behalf of other similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>DOMINO'S PIZZA LLC,<br><br>      Defendant. | Civ. No.   3:24-cv-10486<br><br>ECF Case<br><br>**NOTICE OF REMOVAL**<br><br>Removed from Superior Court of New Jersey, Law Division, Monmouth County, Index No. MON L-003375-24 |

**PLEASE TAKE NOTICE** that Defendant DOMINO'S PIZZA LLC ("Domino's" or "Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby respectfully gives notice of the removal of this putative class action from the Superior Court of New Jersey, Law Division, Monmouth County (Index No. MON L-003375-24), where said case was originally filed and is currently pending, to the United States District Court for the District of New Jersey.

Defendant states the following in support of removal:

**PROCEDURAL BACKGROUND**

1. On or about October 9, 2024, plaintiff Samuel Brewer ("Plaintiff"), a former employee of Domino's,[1] initiated this putative class action against Domino's by filing a Summons and Complaint in the Superior Court of New Jersey, Law Division, Monmouth County. A true and correct copy of Plaintiff's Summons and Complaint ("Complaint" or "Compl.") is attached hereto as Exhibit A.

---

[1] In his Complaint, Plaintiff alleges he currently is employed by Domino's. Compl. ¶ 4. Domino's records, however, indicate that Plaintiff voluntarily resigned on or around July 12, 2024.

2. On October 15, 2024, Domino's was purportedly served with the Summons and Complaint by service on its registered agent. A true and correct copy of the Affidavit of Service of Summons and Complaint, filed by counsel for Plaintiff on October 23, 2024, is attached hereto as Exhibit B.

3. Plaintiff purports to brings this wage and hour action on behalf of himself and "a class consisting of all individuals who worked for Defendant in New Jersey as commercial truck drivers, or in a similar position, at any time during the six years preceding the filing date of this action through the present and who were subject to Defendant's pay practices and/or policies" (the "Putative Class"). (See Compl. ¶¶ 2, 7, 8.)

4. In the Complaint, Plaintiff alleges: (i) on behalf of himself and the Putative Class, that Domino's failed to pay overtime wages to Putative Class members, purportedly in violation of N.J.S.A. § 34:11-56a4(b) (see Compl. ¶¶ 44-49); and (ii) on behalf of himself and the Putative Class, that Domino's failed to timely pay overtime wages to Putative Class members, purportedly in violation of N.J.S.A. § 34:11-4.2 (see Compl. ¶¶ 50-55).

## GROUNDS FOR REMOVAL

**I.   Removal Is Appropriate Pursuant to the Class Action Fairness Act of 2005**

5. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d)(2). Under CAFA, a federal district court has original jurisdiction over any case that: (a) is a putative class action as defined in 28 U.S.C. §§ 1332(d)(1) and 1453; (b) involves a class of 100 or more members as required by 28 U.S.C. 1332(d)(5)(B); (c) satisfies minimal diversity requirements – *i.e.*, at least one member of the proposed class has a different citizenship from one of the defendants; and (d)

the aggregated claims of the proposed class members exceed the sum or value of $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2).

6. To effectuate removal, Domino's need only submit a "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), which is satisfied by setting forth a plausible allegation of the relevant jurisdictional facts. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). A defendant need not propound evidence establishing jurisdictional facts with its notice of removal. Id.

7. The requirements of CAFA are met here because, as detailed below: (1) Plaintiff has brought this action as a putative class action; (2) the Putative Class consists of more than 100 persons; (3) there is diversity between at least one member of the Putative Class and Domino's; and (4) the amount in controversy after aggregating the sum or value of each claim of the members of the Putative Class is reasonably believed to exceed $5 million, exclusive of interest and costs.

### A. This Is a Putative Class Action within the Meaning of CAFA

8. CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. Here, Plaintiff asserts claims on behalf of the Putative Class – comprised of "all individuals who worked for Defendant in New Jersey as commercial truck drivers, or in a similar position, at any time during the six years preceding the filing date of this action through the present and who were subject to Defendant's pay practices and/or policies" – pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure. (See Compl. ¶¶ 7, 8.)

10. Rule 4:32 of the New Jersey Rules of Civil Procedure is New Jersey's class action statute. It is well-settled that Rule 4:32 of the New Jersey Rules of Civil Procedure is a "replica"

of Rule 23 of the Federal Rules of Civil Procedure.  See Muise v. GPU, Inc., 371 N.J. Super. 13, 31 (App. Div. 2004).

  **B.**  **The Putative Class Consists of More than 100 Persons**

  11.  Removal under CAFA is appropriate where "the number of members of all proposed plaintiff classes in the aggregate" involves at least 100 putative class members.  See 28 U.S.C. § 1332(d)(5).

  12.  Plaintiff alleges that the Putative Class consists of "all individuals who worked for Defendant in New Jersey as commercial truck drivers, or in a similar position, at any time during the six years preceding the filing date of this action through the present and who were subject to Defendant's pay practices and/or policies" and estimates the Putative Class "may exceed 40." (See Compl. ¶¶ 8, 9.)

  13.  Defendant's records demonstrate that it employed at least 178 individuals that clearly fall within the "commercial truck driver[]" position or "in a similar position" in New Jersey during the Class Period. At least 120 of these individuals held the position of "commercial truck driver."

  14.  Therefore, the requirement of 28 U.S.C. § 1332(d)(5) that a putative class consist of at least 100 individuals is satisfied.

  **C.**  **Minimal Diversity Exists**

  15.  CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

  16.  Plaintiff alleges that he resides in Long Branch, New Jersey. (Compl. ¶ 4.) "For purposes of determining diversity, an individual's citizenship is determined by domicile – the individual's 'true, fixed and permanent home and place of habitation[.]'" Hoy v. Hoy, 2022 U.S. Dist. LEXIS 211375, at *7 (D.N.J. Nov. 22, 2022) (quoting Park v. Tsiavos, 165 F. Supp. 3d 191,

198 (D.N.J. 2016)). Accordingly, Plaintiff is, or was, at the date of filing this civil action, a citizen of New Jersey.

17. For diversity purposes, "a corporation is a citizen of its state of incorporation and its principal place of business." Hoy, 2022 U.S. Dist. LEXIS 211375, at *7 (quoting Bell v. KA Indus. Servs., LLC, 567 F. Supp. 2d 701, 704 n.1 (D.N.J. 2008)). In Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010), the Supreme Court explained that a corporation's "'principal place of business' is best read as referring to the place where [its] officers direct, control and coordinate the corporation's activities." The Supreme Court further indicated that "in practice" the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93.

18. Domino's is, and was at the time the Complaint was filed, incorporated under the laws of the State of Michigan. Moreover, its principal place of business also is Michigan where it maintains its corporate headquarters, and where the majority of Domino's executive and administrative functions are performed. Domino's sole member is Domino's, Inc., a Delaware corporation with its principal place of business in Michigan.

19. Accordingly, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Domino's is, and at all relevant times has been, a citizen of the State of Michigan and the State of Delaware.

20. Because Plaintiff is a citizen of New Jersey and Domino's is a citizen of Michigan and Delaware, CAFA's minimal diversity requirement is satisfied.

### D. The Amount in Controversy Requirement Is Satisfied

21. Pursuant to CAFA, the amount in controversy is satisfied when the aggregated claims of the individual members in a putative class action exceed the sum of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(6); see also Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013) ("[CAFA] tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the . . . proposed class and determine whether the resulting sum exceeds $5 million.").

22. While Domino's submits that Plaintiff's claims are factually and legally meritless (and that Plaintiff and the Putative Class are entitled to no recovery whatsoever), there can be no question that, based on the allegations of the Complaint, the amount in controversy exceeds $5,000,000 in the aggregate.

23. Plaintiff's Complaint does not allege a specific amount of damages sought, but seeks multiple forms of relief for himself and the Putative Class, including:

   (a) Any/all pay owed due to Domino's purported illegal actions, including but not limited to lost earnings (*i.e.*, overtime wages);

   (b) Liquidated damages in an amount equal to 200% of the Plaintiff's and Putative Class member's actual damages; and

   (c) Costs and expenses of this action and reasonable legal fees as provided by applicable state law.

(Compl., Prayer For Relief, Exhibit A.)

24.     **_Alleged Failure to Pay Overtime Wages and Liquidated Damages_**.   Plaintiff alleges that he and the Putative Class were not paid proper overtime compensation for all hours they worked in excess of 40 hours a week pursuant to N.J.S.A. § 34:11-56a4(b). (Compl. ¶¶ 44-49.)  Plaintiff, on behalf of himself and the Putative Class – which consists of at least 178 potential members – thus seeks purported overtime wages owed, as well as maximum liquidated damages (*i.e.*, 200% of actual damages) with respect to same under New Jersey law.

25.     In his Complaint, Plaintiff does not allege the amount of overtime hours worked or overtime wages owed to him; nor does he provide a reasonable estimate.  Plaintiff also does not provide an estimate of overtime hours worked or overtime wages owed to the Putative Class.[2]  However, Plaintiff is seeking overtime wages for himself and the Putative Class for a period of six years.  (Compl. ¶ 8.)

26.     As set forth above, Domino's employed over 178 drivers in the State of New Jersey during the Class Period – of which 120 were listed as commercial truck drivers.  For purposes of calculating whether the amount in controversy required under CAFA was met, Domino's conducted the following calculation: (1) gathered the total earnings for all workers who held the position of "commercial truck driver" (which does not include other drivers that likely are part of the Putative Class) in 2021 only, of which there was 81, and calculated the average yearly earnings per worker[3]; (2) divided the worker's average yearly earnings by the total hours a driver worked that year – assuming 40 hours a week (2,080 hours a year); (3) multiplied this average hourly rate by 1.5 to determine an average overtime rate per worker; (4) reasonably assumed a very small number of 2 hours of weekly overtime purportedly owed to each potential class

---

[2] The failure to plead any specific amounts of overtime was likely an effort to avoid CAFA removal.
[3] The six-year class period begins October 10, 2018. Domino's chose the entire year of 2021 as a midpoint year for purposes of the CAFA damages analysis.  As one might reasonably expect, the average yearly regular wage most likely increased for the years 2022, 2023, and the balance of 2024.

member; (5) multiplied the purported overtime owed by 120 (the conservative estimate of the number of drivers); (6) added potential liquidated damages sought at 200%; and (7) added 30% for reasonable attorney fees.

27. The foregoing calculations and reasonable assumptions demonstrates that in 2021, the total earnings of 81 drivers were $7,792,552.33. Accordingly, the average annual earning for each driver was $96,204.35. The average hourly rate was $46.25 ($96,204.35 divided by 2,080). The average overtime hourly rate would have been $69.38 ($46.25 x 1.5). Two hours of overtime a week purportedly owed would have been $138.76 ($69.38 x 2). If each member of the Putative Class (conservatively, 120 workers that have been listed as commercial drivers) worked a mere 2 hours of overtime per week, using 2021 as a median year, the amount of estimated overtime owed would be $865,862.40 in 2021 alone. Factoring 200% of liquidated damages for the purported overtime owed would increase the damages calculation in 2021 alone to $2,597,587.20 ($865,862.40 (owed overtime) + 200% of $865,862.40 (liquidated damages)). Taking the total aforementioned liability for Domino's alleged failure to pay overtime wages and multiplying it by the 6 years Plaintiff seeks to secure overtime wages and damages owed would bring the total potential damages to $15,585,523.20 ($2,597,587.20 x 6).

28. In short, the potential damages and penalties arising from Plaintiff's alleged claim on behalf of himself and the Putative Class that Domino's failed to pay proper overtime compensation for all hours worked in excess of 40 hours exceeds the $5,000,000 amount in controversy requirement needed under CAFA – *without* factoring in reasonable attorney's fees.[4]

---

[4] Plaintiff also alleges that he and the members of the Putative Class were not timely paid overtime wages in violation of N.J.S.A. § 34:11-4.2. (Compl. ¶¶ 50-55). Although the Plaintiff does not specifically assert an additional claim for liquidated damages under that statute, such damages are not recoverable under that statute, which provides only for civil penalties and the recovery of wages "lost as a result of [a] discharge or discriminatory action[.]" N.J.S.A. 34:11-4.10. Furthermore, such argument would be foreclosed pursuant to N.J.S.A. § 34:11-58 (g) ("No payment of an amount of wages owed or related damages, including wages or damages related to retaliation, shall be required

29. **_Attorneys' Fees_**. Where, as here, attorneys' fees are demanded (Compl. Prayer For Relief, Exhibit A), such fees are "necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997). In this case, N.J.S.A. 34:11-56a25 and N.J. Stat. § 34:11-4.10 expressly provide for an award of attorneys' fees for civil actions. Because the Complaint places no limit on the attorneys' fees sought, they can be valued for jurisdictional purposes by reference to awards in other cases.

30. In wage and hour class actions, attorneys' fee awards could equal 30% or more of the total recovery. See Lenahan v. Sears, Roebuck & Co., 2006 WL 2085282 (D.N.J. July 24, 2006) (approving an attorneys' fee award of 30% of the settlement of claims for unpaid overtime and other wages, noting that "attorneys' fees of approximately 30 percent of the common fund are also regularly awarded in labor and employment class actions").

31. Here, based on the foregoing analyses and applying the above one-third of the recovery as a reasonable basis for attorneys' fees, the amount in controversy as to Plaintiff's attorneys' fees figure is approximately $4,675,656.96 (30% of $15,585,523.20 (the total potential liability calculated above for Domino's alleged failure to pay overtime wages for a total of 6 years)).

32. In sum, the amount in controversy – including the foregoing claims and attorneys' fees – approximates to $20,261,180.20 exclusive of interest and costs. Because the amount in controversy using reasonable assumptions greatly exceeds $5,000,000, the monetary threshold requirement for CAFA removal jurisdiction is satisfied.

---

under the provisions of this section, or under the provisions of any of the other State wage and hour laws, which results in a violator paying wages owed or damages more than one time for the same violation.")**.**

33. If the Court is uncertain whether the amount in controversy exceeds $5,000,000, "the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005); see also Dart Cherokee, 135 S. Ct. at 554 (noting "that no antiremoval presumptions attend cases invoking CAFA").

E. **No Exceptions to the Court's Jurisdiction Apply**

34. None of the exceptions to CAFA removal jurisdiction, set forth in 28 U.S.C. § 1332(d)(3)-(5), apply because Domino's is not a citizen of the "State in which the action was originally filed," Domino's is not a governmental entity, and the proposed class exceeds 100 members.

35. Plaintiff has the burden of proving otherwise (which he cannot do). See Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 153-154 (3d Cir. 2009) (concluding that once CAFA jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand).

II. **All Procedural Requirements for Removal Have Been Satisfied**

36. Domino's was served with the Summons and Complaint by service on its registered agent on October 15, 2024. (See Exhibit B.) This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because Domino's has filed it within thirty (30) days of receipt of the initial pleadings through service or otherwise.

37. Because Domino's is the sole defendant in this action, no other defendant is required to consent to this removal.

38. Pursuant to 28 U.S.C. § 1441(a), assignment to the United States District Court for the District of New Jersey is proper because Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Monmouth County.

39. In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" served on or received by Domino's in this action are attached as part of Exhibit A and Exhibit B.

40. Upon the filing of this Notice of Removal in the United States District Court of New Jersey, written notice of removal will be given to Plaintiff. Domino's will promptly serve on Plaintiff and file with the Superior Court of New Jersey, Law Division, Monmouth County, a Notice of Filing of Notice of Removal to Federal Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice to the Superior Court of New Jersey, Law Division, Monmouth County, without exhibits, is attached hereto as Exhibit C.

41. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Domino's requests the opportunity to present a brief, oral argument, and further evidence as necessary in support of its position that this case is removable to this Court.

## **RESERVATION OF RIGHTS**

42. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case, and all defenses, motions, and pleas are expressly reserved. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that Plaintiff is entitled to or otherwise may recover any of the amounts described above.

**WHEREFORE**, Defendant Domino's Pizza LLC requests that the above action, now pending before the Superior Court of New Jersey, Law Division, Monmouth County, be removed

to the United States District Court for the District of New Jersey and that no further proceedings be had in this case in the Superior Court of New Jersey, Law Division, Monmouth County.

Dated:   November 13, 2024
         New York, New York

**DLA PIPER LLP (US)**

By: /s/ *Joseph A. Piesco Jr.*
    Joseph A. Piesco Jr.

Joseph A. Piesco, Jr.
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
Fax: (212) 335-4501
joseph.piesco@us.dlapiper.com
norman.leon@us.dlapiper.com
*Attorneys for Defendant*
*Domino's Pizza LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, the foregoing Notice of Removal was electronically filed with the Clerk of the Court for the United States District Court for the District of New Jersey using the CM/ECF system and was served via e-mail and first class mail on:

Brook S. Lane, Esq*
Hillary Schwab, Esq*
*Pro hac vice motion forthcoming*
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
hillary@fairworklaw.com
brook@fairworklaw.com
*Attorneys for Plaintiff*

Justin L. Swidler, Esq.
Swartz Swidler, LLC
9 Tanner St. Ste. 101
Haddonfield, NJ 08033
(856) 685-7420
jswidler@swartz-legal.com
*Attorney for Plaintiff*

                                                */s/ Joseph A. Piesco, Jr.*
                                                Joseph A. Piesco, Jr.